IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FRONTIER HOTELS, INC. | § | CASE NO. 16-34477 |
| TAX ID. NO. xxxxx6865 | § | |
| | § | |

**DEBTOR'S COUNSEL LIMITED RESPONSE TO THE EMERGENCY MOTION TO EXTEND TIME TO FILE DISCLOUSRE STATEMENT AND PLAN AND MOTION TO WITHDRAW AS COUNSEL**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE OF SAID COURT:**

**COMES NOW, COUNSEL FOR THE DEBTOR, JAMES B. JAMESON ("Jameson")**, and files this its *Limited Response to the Emergency Motion to Extend Time to File a Disclosure Statement and Plan and Motion to Withdraw as Counsel* and in support thereof would respectfully show unto the Court the following:

1. On or about September 5th, 2016, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code 11 U.S.C. § 101 et seq. Since the filing, the Debtor has continued to conduct its affairs as Debtor-In-Possession.

2. The Meeting of Creditors in this case has been held and concluded on October 6th, 2016.

3. Pursuant to the Court's Scheduling Order, the Debtor was to file a plan and disclosure statement with the Court on or before January 3rd, 2017. However, the Debtor has failed to provide counsel with any financial data, records or information to prepare a plan and disclosure statement. The Debtor has failed to file any monthly operating reports as required.

4. The Court has scheduled a Show Cause hearing for January 30th, 2017.

5. The Emergency Motion filed by the "proposed counsel" for the Debtor [Doc. 39] states that "…the Debtor has learned that Mr. Jameson declined to take any further action on this case due to a dispute that arose between him and the Debtor". This statement is not correct. The inability to timely file a plan and disclosure statement is directly attributable to the Debtor's failure to pay ongoing administrative fees and expenses, including the undersigned counsel, and to comply with basic reporting requirements of the Court and the US Trustee office. The Debtor was advised that a plan required detailed accounting, historical operating and valuation data that has never been provided. Furthermore, the Emergency Motion was filed without the knowledge or consultation with the undersigned counsel for the Debtor.

5. In light of the current posture of the case, the undersigned counsel believes that he can no longer represent the interests of the Debtor and is duty bound to withdraw from further representation. The "proposed counsel" has indicated that their firm is prepared to substitute as counsel for the Debtor.

**WHEREFORE,** the Debtor respectfully pray that this Court take notice of the limited response filed herewith, and allow the undersigned counsel to withdraw from further representation of the Debtor, and grant the Debtor such other relief as the Debtor may be entitled.

Respectfully submitted,

**JAMES JAMESON & ASSOCIATES**

By:   /s/ James B. Jameson
      JAMES B. JAMESON
      State Bar No. 10598500
      2525 Robinhood
      Houston, TX 77005
      713-807-1705-Telephone
      888-231-0671 Fax

jbjameson@jamesonlaw.net<br>
**ATTORNEY FOR DEBTOR-IN-POSSESSION**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to the following party via electronic notice, facsimile or U.S. mail on this 4th[th] day of January, 2017.

**US TRUSTEE**:
Ms. Ellen Hickman
515 Rusk, Suite 3516
Houston, Texas 77002

John Akard, Jr.
Attorney-C.P.A.
Coplen & Banks, P.C.
11111 McCracken, Suite A
Cypress, Texas 77429
*Counsel for American First National Bank*

Azhar Mahmood Chaudhary
1208 Highway 6 South, Suite B
Sugar Land, Texas 77478

/s/ James B. Jameson
**JAMES B. JAMESON**

3